USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  3/28/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

HHH CHOICES HEALTH PLAN, LLC, et al.,

          Debtors.

---

SEAN SOUTHARD, as Plan Administrator of the Amended Chapter 11 Plan of Liquidation for HEBREW HOSPITAL SENIOR HOUSING, INC.,

          Plaintiff,

-against-

MARY FRANCES BARRETT, BRIAN PERINO, PETER SANNA, PETER CUTAIA, ALAN PEARCE, CHARLES GOLDBERGER, MICHAEL LAUB, MARVIN LIFSON, DONNA JAKUBOVITZ, EDWARD SCHECTER, LEON SILVERMAN, and DAVID KERSHNER,

          Defendants.

19 Civ. 1339 (AT)

Chapter 11

Case No. 15-11158-MEW
Case No. 15-13264
Case No. 16-10028

(Jointly Administered)

Adv. Proc. No. 17-01240-MEW

**ORDER**

ANALISA TORRES, District Judge:

    Plaintiff brings this suit against Defendants, alleging breaches of fiduciary duty and other violations of state law in connection with the alleged mismanagement of a senior living facility. Third Am. Compl., Bankr. ECF No. 47.[1] This suit was filed as an adversary proceeding in the United States Bankruptcy Court for the Southern District of New York. Bankr. ECF No. 1. Plaintiff now moves to withdraw the reference to the Bankruptcy Court pursuant to 28 U.S.C. § 157(d). ECF No. 1. For the reasons stated below, Plaintiff's motion is DENIED without prejudice to refiling when the parties are ready to proceed to trial.

---

[1] Documents filed in the adversary proceeding in the Bankruptcy Court, *Southard v. Barrett*, 17-ap-01240-mew (Bankr. S.D.N.Y. 2017), are cited as "Bankr. ECF No. __." Documents filed in this Court are cited as "ECF No. __."

**DISCUSSION**

District courts have original jurisdiction over bankruptcy cases and all civil proceedings "arising under" or "related to" cases under Title 11. 28 U.S.C. § 1334. Pursuant to 28 U.S.C. § 157(a), a district court may refer actions within its bankruptcy jurisdiction to the bankruptcy judges for the district. In this District, a standing order automatically refers all bankruptcy cases to the bankruptcy courts. *See In re Standing Order of Reference Re: Title 11*, 12 Misc. 32 (S.D.N.Y. Feb. 1, 2012).

I.  Timeliness

Pursuant to 28 U.S.C. § 157(d), a district court "may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." Although the statute does not define "timely," "courts in this Circuit have defined 'timely' to mean 'as soon as possible after the moving party has notice of the grounds for withdrawing the reference.'" *Official Comm. of Unsecured Creditors of FMI Forwarding Co. v. Union Transp. Corp. (In re FMI Forwarding Co.)*, No. 00 B. 41815, 2005 WL 147298, at *6 (S.D.N.Y. Jan. 24, 2005) (quoting *Kentile Floors, Inc. v. Congoleum Corp. (In re Kentile Floors, Inc.)*, 95 Civ. 2470, 1995 WL 479512, at *2 (S.D.N.Y. Aug. 10, 1995)).

Defendant argues that Plaintiff's motion is untimely. Def. Opp. at 6, ECF No. 5. Plaintiff first demanded a jury—which, as discussed *infra*, is the reason Plaintiff now moves to withdraw the reference—in its initial complaint, which was filed on December 8, 2017, over fourteen months before it filed this motion. Bankr. ECF No. 1 at 20; *see also Connolly v. Bidermann Indus. U.S.A., Inc.*, No. 95 Civ. 1791, 1996 WL 325575, at *2–3 (S.D.N.Y. June 13, 1996) (denying motion as untimely when brought eight months after notice of grounds for withdrawal). Nevertheless, "[g]iven the importance of litigants' right to resolution of substantial non-bankruptcy issues by an Article III court, a court must refrain from denying a motion for mandatory withdrawal as untimely unless the delay imposed by that motion creates some comparable hardship for the other party or the courts hearing the case." *Sec. Investor Protection Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Madoff Sec.)*, No. 12 Misc. 115, 2012 WL 2524367, at *3 (S.D.N.Y. June 26, 2012); *see also Enron Corp. v. Citigroup, Inc. (In re Enron Corp.)*, 410 B.R. 374, 381 n.9 (S.D.N.Y. 2008) ("[T]he timeliness standard is flexible and case-specific, and must be administered in a manner that fosters the efficient and fair resolution of disputes. If [withdrawal is warranted], rejection of the motion on grounds of timeliness would compromise substantive rights or generate inefficiencies. The motion to withdraw the reference should be decided on its merits.").

Moreover, courts in this district which deny motions to withdraw on the grounds of untimeliness usually do so when there is some indication of forum-shopping. *See Drew v. WorldCom, Inc. (In re WorldCom, Inc.)*, No. 06 Civ. 3407, 2006 WL 2129309, at *3 (denying plaintiff's motion as untimely when filed "only three weeks after [defendant] moved in the Bankruptcy Court for summary judgment and for an order denying class certification"); *In re FMI Forwarding Co.*, 2005 WL 147298 at *7 (denying motion as untimely where "the only reason the Court can surmise for [defendant] filing its withdrawal motion when it did was to stay the Bankruptcy Court's ruling on Plaintiff's severance motion and instead require this Court to rule on essentially the same question").

Accordingly, the Court will not dismiss the motion as untimely.

II.     *Orion* Factors

In *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1101 (2d Cir. 1993), the Second Circuit set forth the factors a district court should consider in ruling on a motion to withdraw the reference. In the wake of *Stern v. Marshall*, 564 U.S. 462 (2011), several courts in this district have modified the *Orion* factors, and under the current inquiry, "the Court considers first whether [the] Bankruptcy Court has the authority to finally adjudicate the [plaintiff's] claims, then addresses the remaining *Orion* factors, including whether the claim is 'legal or equitable,' followed by 'considerations of efficiency, prevention of forum shopping, and uniformity in the administration of bankruptcy law.'" *Mazer-Marino v. Macey (In re Jacoby & Meyers–Bankr. LLP)*, No. 15 Civ. 7144, 2017 WL 4838388, at *3 (S.D.N.Y. Oct. 25, 2017) (quoting *Orion*, 4 F.3d at 1101). Neither party contests that this is the proper inquiry, and the Court will adopt it in evaluating this motion.

Here, the parties agree that the Bankruptcy Court does not have the authority to adjudicate Plaintiff's claims, which weighs in favor of withdrawal. Pl. Mem. at 11–12, ECF No. 3; Def. Opp. at 10.[2] Plaintiff has asserted a demand for a jury trial, which cannot take place in bankruptcy court. *See Orion*, 4 F.3d at 1101 (holding "that the constitution prohibits bankruptcy courts from holding jury trials in non-core matters"). Moreover, Plaintiff's claims for breach of fiduciary duty appear to be legal in nature, not equitable. Defendants are correct that historically, breach of fiduciary duty claims were considered to be equitable in nature, *see* Def. Opp. at 10 (citing *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 567 (1990)), but where "the plaintiff seeks only to recover funds attributable to plaintiff's loss, not the defendant's unjust gain, the action seeks compensatory damages and is legal in nature," *Soley v. Wasserman*, No. 08 Civ. 9262, 2013 WL 1655989, at *2 (S.D.N.Y. Apr. 17, 2013) (internal quotation marks and alterations omitted) (quoting *Pereira v. Farace*, 413 F.3d 330, 340 (2d Cir. 2005)); *see also* Third Am. Compl. at 39 (requesting that Plaintiff "be awarded damages in an amount to be proven at trial which include, at a minimum, all application fees, entrance fees and other fees and charges paid by [a]ssignors and the significant damages sustained by the Debtor and [a]ssignors as a result of the [d]efendants' repetitive breaches of fiduciary and statutory duties"). In addition, there are no indicia of forum shopping here. These factors, therefore, weigh toward withdrawal.

Considerations of efficiency, however, weigh against withdrawing the reference at this time. Courts in this district routinely deny motions to withdraw the reference before a case is ready to be tried. *See Buchwald v. Renco Grp. (In re Magnesium Corp. of Am.)*, No. 04 Civ. 1357, 2004 WL 1161172, at *2 (S.D.N.Y. May 24, 2004) ("[O]ften courts in this District have found it appropriate to defer withdrawing the reference until the case is trial ready."); *Gucci ex rel. Armstrong v. Gucci*, No. 96 Civ. 8216, 1997 WL 122838, at *1 (S.D.N.Y. Mar. 17, 1997) ("While there is no question that this case must return to the District Court if and when there is a jury trial, at the present infant stage of the proceeding the issue of withdrawal is discretionary and turns largely on considerations of judicial economy."); *Kenai Corp. v. Nat'l Union Fire Ins. Co. (In re Kena Corp.)*, 136 B.R. 59, 62 (S.D.N.Y. 1992) ("A rule that would require a district court to withdraw a reference simply because a party is

---

[2] Although the Bankruptcy Court could have final adjudicative authority if all parties consent, *see Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 584 (1985), and Defendant consents to the Bankruptcy Court's jurisdiction, *see* Def. Opp. at 10, Plaintiff does not, *see* Pl. Reply at 2, ECF No. 6.

entitled to a jury trial, regardless of how far along toward trial a case may be, runs counter to the policy favoring judicial economy that underlies the statutory scheme governing the relationship between the district courts and bankruptcy courts. . . . The interests of judicial economy and sound judicial administration militate in favor of denying defendant's motion to withdraw the reference. If this case proceeds to trial, defendant may renew its motion at that time."). The parties are currently engaged in discovery in the Bankruptcy Court. *See* Pl. Mem. Ex. 3 (scheduling order). Both parties acknowledge the efficiencies of allowing the Bankruptcy Court to continue pre-trial proceedings. Def. Opp. at 13 ("Considerations of efficiency dictate that this case continue before [Bankruptcy] Judge Wiles for all pretrial purposes."); Pl. Reply at 2, ECF No. 6 ("Plaintiff [is] amenable to having the Court direct that further pre-trial proceedings be conducted in the bankruptcy court with the reference withdrawn when the case is ready for trial."). The Court, therefore, DENIES Plaintiff's motion to withdraw the reference, without prejudice to renewal when the parties are ready to proceed to trial.

## CONCLUSION

For the reasons stated above, Plaintiff's motion to withdraw the reference is DENIED without prejudice to its renewal if and when the Bankruptcy Court certifies that the adversary proceeding is ready for trial.[3] The Clerk of Court is directed to terminate the motion at ECF No. 1 and close the case.

SO ORDERED.

Dated: March 28, 2019
       New York, New York

ANALISA TORRES
United States District Judge

---

[3] Plaintiff appears to request that this Court set a trial date now. *See* Pl. Reply at 2 ("Plaintiff has moved to withdraw the reference well in advance of the trial date, so that the Court could accommodate its schedule for a trial based upon the parties being trial ready in mid-July 2019."). The Court declines to do so.